UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-31 (NEB/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **GOVERNMENT'S POSITION**<br>) **AND MEMORANDUM ON**<br>) **SENTENCING** |
| JOSE LEYVER LOPEZ-HERNANDEZ, | )<br>) |
| Defendant. | )<br>) |

The United States of America, by and through its attorneys, Lisa D. Kirkpatrick, Acting United States Attorney for the District of Minnesota, and Carla J. Baumel, Assistant United States Attorney, hereby respectfully submits its position and memorandum on sentencing. For the reasons below, the government respectfully requests that the Court sentence the defendant, Jose Leyver Lopez-Hernandez, to a guidelines sentence of time served for his conduct in this case. Such a sentence is sufficient, but not greater than necessary, to comport with the sentencing factors in 18 U.S.C. § 3553(a).

I.  **BACKGROUND**

On February 11, 2025, the grand jury charged Mr. Lopez-Hernandez with Reentry of Removed Alien. (ECF No. 13.) On March 14, 2025, the defendant pled guilty pursuant to a fast track plea agreement. (ECF No 30.) With an anticipated criminal history category of II and a total offense level of

6, the parties anticipated his advisory guidelines range of imprisonment to be 0 to 6 months with the application of the Fast Track departure. (U.S.S.G. § 5K3.1; ECF No 30 at 6.) The presentence report in this case is in accord with the parties' agreement. (Presentence Investigation Report at para. 12-21, 45-48.)

## II.     OFFENSE CONDUCT

Mr. Lopez-Hernandez was removed from the United States in May 2019 after crossing the United States/Canada border in New York in April 2019. Thereafter, Mr. Lopez-Hernandez returned to the United States without permission. On January 18, 2025, Mr. Lopez-Hernandez was arrested in connection with a motor vehicle accident. He is a Mexican national.

## III.    SECTION 3553(a) SENTENCING FACTORS

After calculating a defendant's advisory Guidelines range and hearing from the parties, the district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Gall*, 552 U.S. at 49-50; *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors."). Section 3553(a) of Title 18 requires the Court

to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

The government maintains that the defendant's Guidelines range is 0 to 6 months' imprisonment. A sentence of time served is sufficient but not greater than necessary to serve the goals of sentencing. Mr. Lopez-Hernandez has already served over two months in jail. He has limited criminal history. Mr. Lopez-Hernandez's ICE detainer will result in his removal the country following the conclusion of this criminal case. The months that Mr. Lopez-Hernandez has remained incarcerated, in combination with this criminal conviction, will deter him from re-entering the United States.

## IV.   CONCLUSION

Based on the foregoing reasons, a sentence of time served is sufficient, but not greater than necessary. The government also asks the Court to render its final determination in light of all of the factors set forth in 18 U.S.C. § 3553(a) relevant here, including those presented at sentencing, and including any additional submissions by the parties.

Date: April 10, 2024

Respectfully submitted,

LISA D. KIRKPATRICK
Acting United States Attorney

s/ *Carla J. Baumel*

BY:  CARLA J. BAUMEL
Assistant U.S. Attorney